**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TECK L. YU, individually and as the Administrator of the ESTATE of CHU KIONG YU, | : : : : | Case No. 3:19-cv-23 |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : : | |
| v. | : : | |
| MIAMI VALLEY HOSPITAL, *et al.*, | : : | |
| Defendants. | : : | |

**ENTRY AND ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (DOC. 8)**

This case is before the Court on the Motion to Dismiss (Doc. 8) filed by Defendant United States of America.[1] The Government argues that the Court does not have subject matter jurisdiction over Plaintiff Teck L. Yu's claims against the United States because she has not exhausted her administrative remedies by filing an administrative tort claim as required by the Federal Tort Claims Act, 28 U.S.C. § 2675. Plaintiff has not responded to the Motion to Dismiss and the deadline for her to do so has passed. This matter is therefore ripe for review.

The burden of establishing the existence of subject matter jurisdiction, by a preponderance of the evidence, rests with the party invoking jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986); *Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002). The United States brings a "factual attack" on the existence subject matter jurisdiction, which permits the Court to consider evidence outside the pleadings to determine whether jurisdiction exists. *Cartwright v.*

---

1 Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679), the United States substituted as a Defendant in this case for individual Defendant Trenton J. Hansen, M.D. with respect to Plaintiff's state law causes of action. (Doc. 2)

*Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014).

In support of its Motion to Dismiss, the United States filed the Declaration of Colonel Stacey J. Vetter of the United States Air Force ("USAF"). (Doc. 85.) Colonel Vetter asserts that, as Chief of the Claims and Tort Litigation Divison, Air Force Legal Operations Agency, USAF, she has responsibility for overseeing the administration of USAF tort claims records. Colonel Vetter conducted a search of USAF tort claims records and determined that no tort claim has ever been submitted to the USAF by either Chu Kiong Yu or by Teck L. Yu, individually and/or as the administrator of the Estate of Chu Kiong Yu.

The limited waiver of sovereign immunity under The Federal Tort Claims Act ("FTCA") is conditioned on plaintiffs exhausting their administrative remedies prior to bringing suit in federal court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies."). Plaintiff does not allege that she filed any administrative claim with the USAF regarding Dr. Hansen's treatment of Chu Kiong Yu and Colonel Vetter's search of USAF tort claims records does not reveal any tort claims from, or on behalf, of either Teck Yu or Chu Kiong Yu. As Plaintiff has not demonstrated by a preponderance of the evidence that she complied with the FTCA's exhaustion requirements, the Court does not have jurisdiction over Plaintiff's claims against the United States.

For the reasons above, the Court **GRANTS** the United States' Motion to Dismiss (Doc. 8).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, March 14, 2019.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE